# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOROTHY RHEA HAGOPIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CIV-19-0635-P |
| ) | |
| ANDREW M. SAUL, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

On April 7, 2020, the undersigned adopted the Report and Recommendation of the magistrate judge (doc. no. 10), to which plaintiff had filed no objection. At that time, the court dismissed this action without prejudice based on failure to serve the defendant and, alternatively, based on plaintiff's failure to comply with the court's orders and her failure to prosecute this action. Doc. no. 11, pp. 1-2. Any one of those grounds is a sufficient basis for dismissal. Consistent with that order, judgment was entered on April 7, 2020. Doc. no. 12.

The court has now received a letter from the plaintiff dated May 29, 2020 (filed of record on June 1, 2020). Doc. no. 13. The letter states, "I received notice from the Judge in this matter dismissing the petition due to not filing orders with the Courts in a timely fashion according to federal law." *Id*., p. 2. (The court construes "not filing orders" to mean "not filing papers" or something to that effect.) Near

the end of the letter, plaintiff writes that "I am requesting a new reconsideration." *Id.*, p. 3. The letter asks the court to consider documents which plaintiff contends show service. The letter asks the court to consider "our current national pandemic," which "caused restrictions on filing these in … a timely manner." *Id.*

Plaintiff appears pro se and her pleadings are liberally construed. Accordingly, her letter's request for reconsideration is construed as a motion for relief from the order and judgment entered on April 7, 2020.[1]

So construed, the court concludes no relief can be granted under Rule 59(e) or Rule 60(b), Fed. R. Civ. P. The motion is not timely under Rule 59(e)[2] and so is considered under Rule 60(b).[3] The motion sets out no basis for relief under any of the specific grounds listed in subsections (1) through (5) of Rule 60(b). Subsection (6) permits a court to grant a Rule 60(b) motion for "any other reason that justifies relief." But the motion describes nothing which qualifies plaintiff for relief under that subsection. To the contrary, the motion offers no explanation for plaintiff's failure to object to the Report and Recommendation or for her failure to communicate with the court until almost two months after entry of judgment. Although the motion refers to the pandemic, it does not explain how the pandemic

---

[1] As an action seeking to appeal the final decision of the Commissioner denying plaintiff's application for disability benefits, this case was assigned, upon filing, to Magistrate Judge Gary M. Purcell. *See*, G. O. 16-4. Although the case number is CIV-19-0635-P (Purcell), it is the undersigned's order and judgment that are challenged. (The undersigned addressed the Report as the "duty" judge serving at the time.)

[2] *See*, Rule 59(e) (motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment).

[3] *See*, Price v. Philpot, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (if a Rule 59(e) motion is filed out of time, then it is considered as a Rule 60(b) motion).

3

impacted plaintiff's ability to timely comply with the magistrate judge's orders, or how the pandemic impacted prosecution (or lack of prosecution) of this action, both of which are among the reasons this action was dismissed without prejudice.

After careful consideration, plaintiff's letter, construed as a motion for relief under Rule 60(b), Fed. R. Civ. P., is **DENIED**.

IT IS SO ORDERED this 5th day of June, 2020.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0635p003.docx